1
2
3
4
5
6

# UNITED STATED DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| CHARLES SALMON, | Case No.: 2:23-cv-01789-WBS-JDP |
|---|---|
| Plaintiff, | |
| vs. | **ORDER ALLOWING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT FOR DAMAGES** |
| ARBM, INC. DBA LIVERMORE HONDA, FIRST TECH FEDERAL CREDIT UNION, INC.; EXPERIAN INFORMATION SOLUTIONS, INC. | |
| Defendant(s). | |

The Court having reviewed the Parties' Stipulation Allowing Plaintiff to File a First Amended Complaint [Dkt. 14] and Plaintiff's Notice of Errata [Dkt. 17], and good cause appearing therefore:

IT IS HEREBY ORDERED that Plaintiff, Charles Salmon, is granted leave to amend to file his First Amended Complaint for Damages, a copy of which is attached hereto as Exhibit "A."

IT IS ALSO ORDERED that Defendant's responsive pleading shall be due thirty (30) days after the First Amended Complaint for Damages is filed.

| | |
|---|---|
| 1 | IT IS FURTHER ORDERED that the First Amended Complaint for Damages is deemed filed as of the date this Order is transmitted via the CM/ECF system. |

IT IS FURTHER ORDERED that the First Amended Complaint for Damages is deemed filed as of the date this Order is transmitted via the CM/ECF system.

IT IS SO ORDERED.

Dated:  December 14, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

ORDER ALLOWING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT "A"

**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4605 Lankershim Blvd., Ste. 535
Toluca Lake, CA 91602
T: (323) 940-1700
F: (323) 238-8094
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
CHARLES SALMON

UNITED STATED DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CHARLES SALMON,<br><br>        Plaintiff,<br><br>   vs.<br><br>ARBM, INC. DBA LIVERMORE HONDA, FIRST TECH FEDERAL CREDIT UNION, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>        Defendant(s). | Case No.: 2:23-cv-01789-WBS-JDP<br><br>**[PROPOSED] FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1) **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681,** *ET. SEQ.*<br>2) **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT [CAL. CIV. § 1785.25];**<br>3) **NEGLIGENCE**<br><br>**DEMAND EXCEEDS $25,000** |

# INTRODUCTION

1. ("Plaintiff") brings this action to secure redress from U LVH LLC dba LIVERMORE HONDA (erroneously named as ARBM, INC. dba LIVERMORE HONDA)("Livermore Honda"), FIRST TECH FEDERAL CREDIT UNION ("First Tech"), and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (collectively "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), the California Consumer Credit Reporting Agencies Act ("CCCRAA"), and for Negligence.

# JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) Defendant's corporate headquarters is within this district, and Defendants transact business here.

4. Plaintiff is a natural person residing in Sacramento, California and is a "consumer" as defined by the CCCRAA and the FCRA.

# PARTIES

4. Plaintiff is an individual, residing in San Joaquin County, California. Plaintiff is a natural person.

5. Defendants LIVERMORE HONDA, FIRST TECH and EXPERIAN are California corporations.

6. Defendant FIRST TECH is engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b) and Cal. Civ. Code § 1785.25(a). Defendant FIRST TECH is a "person" as defined by the FCRA, Section 1681a(b), and Cal. Civ. Code § 1785.3(j).

ORDER ALLOWING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT FOR DAMAGES

7. At all relevant times herein, Defendant EXPERIAN was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Likewise, Experian is a "consumer reporting agency" within the meaning of the CCRAA, Cal. Civ. Code § 1785.3(d).

8. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

9. Plaintiff is informed and believes and on that basis alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants, or as its agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

## FACTUAL ALLEGATIONS

10. Within the last 2 years, Plaintiff purchased a vehicle warranty from Defendant Livermore Honda.

11. Plaintiff requested a cancellation with of the vehicle warranty with Defendant Livermore Honda, but Livermore Honda negligently delayed getting his vehicle warranty cancelled and GAP Insurance applied as provided for in the contract and his refund issued.

12. Despite Plaintiff's exhaustive efforts to have his money returned, Defendant Livermore Honda repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to cancel Plaintiff's vehicle warranty, to have GAP Insurance issue or to return Plaintiff's money.

ORDER ALLOWING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT FOR DAMAGES

13. Defendant First Tech Federal Credit Union falsely and inaccurately reported late payments regarding Plaintiff for a balance that Plaintiff never owed or should have owed.

14. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered significant credit damage, great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

15. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

16. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file, which has hindered and harmed her ability to obtain credit, and diminished her existing and future creditworthiness.

17. As a direct and proximate result of Defendants' above-referenced willful and/or negligent violations of the law, Plaintiff has suffered actual damages including, but not limited to, reviewing credit reports, attorney's fees, and such further expenses in an amount to be determined at trial.

18. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses related to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

19. Further, Plaintiff has disputed Experian's credit reporting of the First Tech Federal Credit Union trade-line. However, Defendant First Tech continues to furnish the inaccurate information regarding purported late payments by Plaintiff and Defendant Experian continues to report this inaccurate information.

## FIRST CAUSE OF ACTION

### Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.
### (Against Defendant First Tech)

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. The FCRA requires a furnisher such as Defendant after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

22. Within the last two years, Defendant provided inaccurate information to the credit reporting agencies regarding Plaintiff.

23. Within the past two years, Plaintiff notified the three major credit bureaus that his credit reports concerning Defendant's trade-line was inaccurate. Thereafter, the three major credit bureaus notified Defendant that Plaintiff was disputing the information Defendant had furnished to them.

24. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §s-2(b):

    a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;

c. willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

d. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

e. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

f. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies;

g. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to credit reporting agencies; and h. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

25. In attempting to collect the aforementioned alleged debt, Defendant, by and through their agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information on the Plaintiff to one or more consumer reporting agencies notwithstanding the fact that Defendant knew, or consciously avoided knowing, that such information was inaccurate.

## SECOND CAUSE OF ACTION

**(California Consumer Credit Reporting Agencies Act Cal. Civ. Code §§1785.25(a))**

**(Against Defendant First Tech)**

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

28. Defendants negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

29. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## THIRD CAUSE OF ACTION

**Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681** *et seq.*

**(Against Defendant Experian)**

30  Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above

31. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(l)(A).

32. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide

notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2) (A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

33. Within the two years preceding the filing of this complaint, Plaintiff notified Defendant of an inaccuracy contained in its report and asked Defendant to correct the inaccuracy.

34. Defendant failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiff disputed, in violation of 15 U.S.C. § 1681s-2(a) and 2(b).

35. Defendant failed to review and consider all relevant information submitted by Plaintiff.

36. As a result of Defendant's failure to conduct a reasonable reinvestigation in accordance with the requirements of 15 U.S.C. § 168li(a)(I), Defendant has failed to remove erroneous information in its credit reporting relating to Plaintiff, after having been notified that Plaintiff disputes that information.

37. Defendant's failure to comply with the requirements of 15 U.S.C. §1681i(a)(l) was willful within the meaning of 15 U.S.C. § 1681n(a) and negligent within the meaning of 15 U.S.C. § 1681o(a).

38. As a result of Defendant's willful and negligent noncompliance with the requirements of 15 U.S.C. §§ 1681e(b) and 168li(a)(1), Plaintiff has suffered damage to her credit ratings and other actual damages and is entitled to actual, statutory and punitive damages under 15 U.S.C. §§ 1681n(a) and o(a).

///

## FOURTH CAUSE OF ACTION

**Willful Failure to Employ Reasonable Procedures To Ensure Maximum Accuracy of Credit Reports in Violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b)**

**(Against Defendant Experian)**

39. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40. Defendant is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d) and Cal. Civ. Code § 1785.3(c), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

41. Defendant uses means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(t). Defendant is likewise a "consumer reporting agency" within the meaning of Cal. Civ. Code § 1785.3(d).

42. In preparing Credit Reports, Defendant has failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to inaccurately reported information, in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

43. As a result of Defendant's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Defendant is reporting inaccurate and materially misleading information about Plaintiff.

44. Defendant's failure to comply with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) is willful within the meaning of 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(a)(2), respectively.

45. As a result of Defendant's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), Plaintiff is entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and (a)(2) and punitive damages under Cal. Civ. Code §§ 1785.31(a)(1) and (a)(2), respectively.

46. As a further result of Defendant's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), Plaintiff has suffered damage to his credit rating and other actual damages.

## FIFTH CAUSE OF ACTION

**Negligent Failure to Employ Reasonable Procedures To Ensure Maximum Accuracy of Credit Reports in Violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b)**

**(Against Defendant Experian)**

47. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48. In preparing credit reports relating to Plaintiff, Defendant has failed to follow reasonable procedures to assure maximum accuracy of information it puts in Credit Reports in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

49. As a result of Defendant's failure to follow reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Defendant is falsely reporting an account that Plaintiff never opened, reporting a balance that Plaintiff does not owe, and that Plaintiff allegedly made

late payments.

50. Defendant's failure to comply with the requirements of 15 U.S.C. § 1681 e(b) and Cal. Civ. Code § 1785.14(b) is negligent within the meaning of 15 U.S.C. § 1681o(a) and Cal. Civ. Code § 1785.31(a)(l), respectively.

40. As a result of Defendant's negligent violations of the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Plaintiff has suffered damage to his credit rating and other actual damages

## SIXTH CAUSE OF ACTION

### (Negligence)

### (As to Defendant Livermore Honda)

51. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

52. Defendant Livermore Honda breached its duties by failing to timely notify Defendant FIRST TECH of the vehicle warranty cancellation.

53. Defendant Livermore Honda, through its negligence alleged herein, ignored its responsibilities and duty of care owed to Plaintiff and unreasonably and unjustifiably jeopardized Plaintiff's payment history with Defendant First Tech and Plaintiff's credit rating with the credit reporting agencies.

54. As a direct and proximate cause of Defendant Livermore Honda's negligence, Plaintiff has been significantly damaged as stated herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

55. Statutory damages of $ 1,000.00 per willful violation of the FCRA, pursuant to 15 U.S.C. § 1681(n) and 15 U.S.C. § 1681(o);

56. An award of actual damages, in an amount to be determined at trial, both generally and pursuant to *Cal. Civ. Code § 1785.31(a)(2)(A)* and 15 U.S.C. § 1681(n).

- 14 -

ORDER ALLOWING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT FOR DAMAGES

57. An award of punitive damages under 15 U.S.C § 1681(n) and 1681(o);

58. An award of punitive damages of $ 100.00 - $ 5,000.00 per willful violation of *Cal. Civ. Code § 1785.25(a);*

59. An award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(d) and 15 U.S.C. § 1681(o).

. Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

**RESPECTFULLY SUBMITTED,**

Dated: December 14, 2023         **MARTIN & BONTRAGER, APC**

By: /s/ G. Thomas Martin, III

G. Thomas Martin, III